IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00399-EWN-KLM

PAUL I. POLLARD,

    Plaintiff(s),

v.

R. ROMERO,
LUNA,
V. GARCIA,
A. MARTINEZ,
GOODRICH, and
SMELSER,

    Defendant(s).

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court pursuant to Defendants' Motion to Dismiss Plaintiff's Complaint [Docket No. 10, Filed April 27, 2007] (the "Motion"). Plaintiff filed a response to the Motion on May 16, 2007 [Docket No. 12], and Defendants filed a reply on May 24, 2007 [Docket No. 13]. The matter has now been fully briefed. Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the Motion be **GRANTED**.

I.    The Complaint and Motion

Plaintiff is a prisoner with the Colorado Department of Corrections and is

incarcerated in Canon City, Colorado. In March of 2005, while he was incarcerated, Plaintiff was convicted of a Code of Penal Discipline (COPD) violation for dealing in dangerous drugs. On May 25, 2005, Plaintiff filed a Complaint Pursuant to Colo. R. Civ. P. 106(a)(4) in the District Court for Crowley County, Colorado, seeking "reversal of the decisions" made by prison officials and "restor[ation]" of his prefiling status as a prisoner (Exhibit A to the Motion at 5) [hereinafter the "State Court Complaint"]. On February 27, 2007, Plaintiff filed an action in this Court pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint alleges that his COPD conviction violated his constitutional rights.

Defendants moved to dismiss Plaintiff's case on April 27, 2007. In support of their Motion, Defendants assert two justifications: (1) Plaintiff's claim is barred as a matter of law pursuant to Fed. R. Civ. P. 12(b)(1); and (2) Plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Defendants allege that 42 U.S.C. § 1983 is an inappropriate statutory vehicle for challenging the legitimacy of a COPD conviction and sentence that have not first been invalidated. Defendants also allege that placement in administrative segregation is a not a legally-recognized injury, and that the Court should abstain from exercising jurisdiction over Plaintiff's case because of his pending State Court Complaint involving the same allegations.

II.   Analysis

   A.   Standards of Review[1]

---

[1] In support of the Motion, Defendants attached an affidavit from a paralegal and a copy of Plaintiff's State Court Complaint. Generally, when matters outside the pleadings are presented, the motion must be converted to one for summary judgment and reviewed under the standard applicable to Fed.R.Civ.P. 56. *Alvarado v. KOP-TV, LLC*, 493 F.3d 1210, 1215-16 (10th Cir. 2007). "However, notwithstanding the usual

2

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) may take two forms: a facial attack or a factual attack. When reviewing a facial attack on a Complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th 1995). When reviewing a factual attack on a complaint pursuant to Rule 12(b)(1) supported by affidavits and other documents, the Courts makes its own factual findings. *Id.* at 1003.

When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts as true the well-pled factual allegations and draws all reasonable inferences in favor of Plaintiff. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987). The Court considers whether the Complaint contains allegations that support a plausible legal claim for relief. *Alvarado*, 493 F.3d at 1215 n.2; *see also Bell Atl. Corp. v.Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007) (holding that a Complaint must contain "only enough facts to state a claim to relief that is plausible on its face").

Finally, Plaintiff is proceeding *pro se*. As such, the Court should construe the Complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not the nonmoving party's advocate and must nevertheless dismiss a complaint that is based on vague or conclusory allegations. *Hall*, 935 F.3d at 1110.

---

rule . . ., 'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* at 1215 (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)). Plaintiff noted in his Complaint that he had also filed two state court cases which remain pending, and he did not dispute the authenticity of the State Court Complaint or the affidavit filed by Defendants. Accordingly, Defendants' Motion is reviewed under the standard applicable to Fed. R. Civ. P. 12(b).

3

B. Recommendation

Defendants first argue that dismissal of Plaintiff's action is required because a Complaint which challenges the punishment imposed for a COPD conviction is not cognizable under 42 U.S.C. § 1983. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Here, Plaintiff alleges that he was subjected to a biased disciplinary hearing and that his disciplinary conviction was based on unsupported evidence. He seeks money damages for his allegedly improper administrative segregation and other detrimental consequences of his conviction, as well as restoration of good time credit that was revoked. *See infra* note 2. However, Plaintiff's claim for "relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." *Edwards*, 520 U.S. at 648.[2]

The procedural defects complained of by Plaintiff are similar to those alleged by the prisoners in *Edwards v. Balisok* and *Heck v. Humphrey*, i.e., that Plaintiff was subject to

---

[2] In the Complaint at issue here, Plaintiff requests (among other relief) a "declarative [sic] judgment concerning the good time and earned time lost as a result of the punitive and administrative actions." Plaintiff's Prisoner Complaint at 8 [Docket No. 2, Filed February 27, 2007]. By contrast, in his response to Defendant's Motion, Plaintiff states that he "is not challenging the revocation of good time . . . ." Plaintiff's Response at 4 [Docket No. 12, Filed May 16, 2007]. Regardless of whether he is, in fact, requesting that his good time be reinstated, "if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction and sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated," his claims are not cognizable pursuant to 42 U.S.C. § 1983. *Edwards*, 520 U.S. at 643-44 (noting that although Plaintiff did not specifically request the restoration of his good time credits, such would be the result if Plaintiff's case were allowed to proceed and he were victorious) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). According to the record before the Court, Plaintiff's conviction has not been invalidated. As a result, *Edwards* dictates that his Complaint must be dismissed.

4

an arbitrary, biased hearing, Defendants failed to provide a statement of supporting facts of guilt, and that his administrative appeal was erroneously denied. In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87. Because Plaintiff argues that the entire hearing and conviction process was flawed, any ruling in his favor would necessarily imply the invalidity of the punishment imposed. Accordingly, § 1983 is not the proper vehicle for relief. *Edwards*, 520 U.S. at 646-48; *see also Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007); *Carter v. Jones*, 228 Fed. Appx. 812, 813 (10th Cir. March 30, 2007) (unpublished opinion); *Lusero v. Welt*, 223 Fed. Appx. 780, 784 (10th Cir. March 27, 2007) (unpublished opinion).[3]

---

[3] The Court notes that Supreme Court precedent does not squarely address whether a prisoner who was subject to a single disciplinary proceeding which gave rise to two types of sanctions – one that affects the duration of his custody, like revocation of good time credits, and another that affects the conditions of his confinement, like administrative segregation – can maintain a §1983 action aimed solely at the second type of sanction. The Second Circuit has addressed this issue and held as follows:

> We now resolve this open question and hold that, in 'mixed sanctions' cases, a prisoner can, without demonstrating that the challenged disciplinary proceedings or resulting punishments have been invalidated, proceed separately with a § 1983 action aimed at the sanctions or procedures that affected the conditions of his confinement. But we also hold that he may only bring such an action if he agrees to abandon forever any and all claims he has with respect to the sanctions that affected the length of his imprisonment.

5

Even if Plaintiff could assert his claim via § 1983, the allegation in his Complaint that his due process rights were violated by being placed in administrative segregation does not state a claim for relief against Defendants. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff is not constitutionally entitled to be free from administrative segregation. A due process liberty interest is only implicated when the imprisonment is atypical or poses a "significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Here, Plaintiff was convicted of a COPD violation and was penalized with administrative segregation. Plaintiff makes no allegation that the segregation was an atypical punishment for this type of COPD violation. His lone allegation is that he should not have been confined to administrative segregation at all because his conviction was improper. Because this claim does not allege that Plaintiff suffered from atypical discipline, his case should be dismissed.

Finally, Defendants argue that this Court should abstain from issuing a ruling on the substance of Plaintiff's claims, due to his two pending state court cases challenging the same COPD conviction and sentence. The Court agrees that the *Younger* abstention doctrine applies and bars Plaintiff's case on that ground as well. *See generally Younger v. Harris*, 401 U.S. 37 (1971); *see also Parkhurst v. Wyoming*, 641 F.2d 775, 777 (10th Cir. 1981) (extending *Younger*'s application to a §1983 action for damages). First, Plaintiff acknowledges in his response that his state court cases, which involve the same

---

*Peralta v. Vasquez*, 467 F.3d 98, 100 (2d Cir. 2006). This holding has not been adopted by the Tenth Circuit, and the Court declines to follow the Second Circuit's interpretation of *Heck* and *Edwards* here.

allegations, are ongoing.  Second, the state court provides an adequate forum for resolution of Plaintiff's cases.  And third, the allegations involve the conduct of state actors and state administrative proceedings such that the state has an important interest in resolving the cases.  *See Amanatullah v. Colo. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (holding that when these three conditions are present, the federal court must abstain).

III.    Conclusion

In reviewing Defendants' Motion, the Court agrees that Plaintiff's action is barred as a matter of law, and that Plaintiff has failed to state a claim upon which relief can be granted.  No evidentiary hearing is required.  Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Complaint be **dismissed with prejudice**.

Pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  November 26, 2007

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix