IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 07–cv–00399–EWN–KLM

PAUL I. POLLARD,

    Plaintiff,

v.

C/O R. ROMERO,
C/O LUNA,
C/O V. GARCIA,
C/O A. MARTINEZ,
C/O GOODRICH,
C/O SMELSER,

    Defendants.

---

**ORDER AND MEMORANDUM OF DECISION**

---

    This is a civil rights case. Plaintiff Paul I. Pollard has filed a *pro se* complaint under 42 U.S.C. § 1983. Plaintiff alleges that Defendants R. Romero, Goodrich, A. Martinez, Smelser, V. Garcia and Luna (hereinafter "Defendants"), employees of the Colorado Department of Corrections ("CDOC"), violated his civil rights while acting under color of state law. This matter comes before the court on "Plaintiff's Objections to United States Magistrate Judges [sic] Recommendations," filed December 17, 2007. Jurisdiction is purportedly proper pursuant to 28 U.S.C. § 1331.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Mr. Pollard, is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. (*See* Pl.'s Compl. at 2 [filed Feb. 27, 2007] [hereinafter "Compl."].) On February 27, 2007, Plaintiff filed a complaint in this court alleging that Defendants violated his civil rights in two ways. (*See id.*) First, his civil rights were allegedly violated by denying him due process of law in the course of an investigation and disciplinary and administrative hearings that resulted in his disciplinary conviction and reclassification at a higher security level for dealing in dangerous drugs in violation of the Code of Penal Discipline ("COPD"). Specifically, Plaintiff claims that Defendants refused to follow internal procedures, made biased findings not supported by evidence, ignored new evidence and upheld his conviction. (*See id.* at 4–5; Pl.'s Resp. to Defs.' Mot. to Dismiss at 4 [filed May 16, 2007] [hereinafter "Pl.'s Resp."].) Second, his civil rights were allegedly violated by placing him, "an inmate with disabilities who is suffering from irregularities with diabetes, hemochromtosis, depression, edema, and aggravation of a rotator cuff injury", in continued administrative segregation for an indefinite period. (*See id.*) In his complaint, Plaintiff seeks actual and punitive damages and restoration of lost good-time and earned-time credits.[1] (*See* Compl. at 4.) At the time Plaintiff filed his complaint in this court, he had two cases pending in the District Court for Crowley County, Colorado, seeking "judicial

---

[1] However, in his response to Defendants' motion to dismiss, Plaintiff states that he "is not challenging the revocation of good-time, where judicial review finds procedural due process was met." (Pl.'s Resp. at 4.)

review of both the disciplinary and administrative hearings" pursuant to C.R.C.P. 106(a)(4). (*See id.* at 7, Pl.'s Resp. at 4.)

On April 27, 2007, Defendants filed a motion to dismiss arguing that: (1) Plaintiff's claim for violation of due process is prohibited where the disciplinary conviction has not been invalidated, because the claim "directly challenges the legitimacy of Plaintiff's prison disciplinary conviction and seeks to shorten his incarceration;" and (2) placement in administrative segregation fails to present a claim upon which relief can be granted because Plaintiff "does not have a liberty interest in not being housed in segregation or in any particular institution." (*See* Defs.' Mot. to Dismiss Pl.'s Compl. at 3–5 [filed Apr. 27, 2007] [hereinafter "Defs.' Mot. to Dismiss"].) Mr. Pollard responded on May 16, 2007. (*See* Pl.'s Resp.) On May 24, 2007, Defendants replied with an additional argument stating that this court should abstain from exercising its jurisdiction over Plaintiff's claims because this action is a collateral challenge to a pending criminal prosecution. (Defs.' Reply in Supp. of Mot. to Dismiss Pl.'s Comp. at 4 [filed May 24, 2007] [hereinafter "Defs.' Reply "].) In their reply Defendants state that they "would not object to Plaintiff being allowed a sur-reply to address this argument." (*Id.* at 4 n.1.) Mr. Pollard did not file a sur-reply.[2]

On November 26, 2007, Magistrate Judge Kristen L. Mix issued a recommendation to dismiss Plaintiff's claims with prejudice reasoning that: (1) Plaintiff's claim for relief based on

---

[2] Mr. Pollard nonetheless argues "[t]he Younger Abstention Doctrine was not raised by Defendants until after their reply to Plaintiff's answer. Plaintiff had no prior opportunity to respond to this argument." (Pl.'s Objection at 7.) However, as I explain below, the court can address Younger abstention *sua sponte*. *See analysis* § 2a, *infra*.

allegations of bias on the part of the decision-maker that resulted in his segregation imply the invalidity of the punishment imposed, and thus are not cognizable under § 1983; (2) even if it were cognizable, his allegation that his due process rights were violated by being placed in administrative segregation does not state a claim for relief because Plaintiff does not allege that he suffered from atypical discipline; and (3) the *Younger* abstention doctrine applies to Plaintiff's claims "due to his two pending state court cases challenging the same COPD conviction and sentence." (*See* Recommendation of U. S. Magistrate Judge at 4, 6 [filed Nov. 26, 2007] [hereinafter "Mag. Rec."].)

On December 17, 2007, Mr. Pollard filed an objection to the magistrate judge's recommendation arguing that the magistrate judge's recommendation for dismissal is erroneous. (*See* Pl.'s Objections to U. S. Magistrate Judges [sic] Recommendations at 3 [filed Dec. 17, 2007] [hereinafter "Pl.'s Objection"].) His principal arguments are: (1) his federal claims should not be dismissed because "Defendants deprived him of established liberty and property interests, and facilitated health issues that have permanently impacted Plaintiff's quality of life;" (2) "all incidents challenging conditions of confinement must be reviewed independently, and compared to the complaining inmates [sic] 'ordinary incidents of prison life' at the facility;" (3) monetary damages cannot be awarded in his state case under C.R.C.P. 106(a); (4) "the U.S. District Court's dismissal of this complaint will also bar litigation of Plaintiff's constitutional and money damages claims, because the statute of limitations for all state actions to these type of claims has run;" and (5) Plaintiff's case is not parallel with any state proceeding because, as opposed to his state proceeding under C.R.C.P. 106(a) his federal case raises constitutional challenges and seeks

monetary damages, and that therefore this court should not abstain from exercising jurisdiction. (*See* Pl.'s Objections at 3–7.)

On December 21, 2007, Defendants responded, stating that Mr. Pollard's objections to the magistrate judge's recommendation should be overruled. (*See* Defs.' Resp. to Pl.'s Objection to United States Magistrate Judge's Recommendation Dated Nov. 26, 2007 [filed Dec. 21, 2007] [hereinafter "Defs.' Resp."].) Mr. Pollard did not reply.

**ANALYSIS**

*1.    Legal Standard*

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that a district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3) (2008). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

Because Mr. Pollard is a *pro se* plaintiff I construe the papers provided in this case liberally and hold his filings to a less stringent standard than formal papers filed by attorneys. *See Truckwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

*2.    Evaluation*

As mentioned above, the magistrate judge's recommendation to dismiss is based on three arguments: (1) the relief Plaintiff seeks, if granted, would affect the length of his imprisonment and is barred in absence of an order invalidating his disciplinary conviction; (2) he has failed to

state a claim upon which relief can be granted because he makes no allegation that the segregation was an atypical punishment for this type of COPD violation; and (3) Plaintiff's pending cases before the state court satisfy the *Younger* abstention requirements. (*See* Mag. Rec. 4–6.)

At the outset, this court must decide whether to invoke the *Younger* abstention doctrine and decline to hear this case because Mr. Pollard has three cases proceeding in two different courts. *See Younger v. Harris*, 401 U.S. 37 (1971). "[C]ourts may address application of the Younger doctrine *sua sponte*." *Kingston v. Utah County*, 161 F.3d 17, 1998 WL 614462, at *2 (10th Cir. 1998) (table) (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n. 10 [1976] *Morrow v. Winslow*, 94 F.3d 1386, 1390-91 [10th Cir.1996]). Therefore, I address the abstention issue first.

### a.     *The Younger Abstention Doctrine*

The abstention doctrine set forth in *Younger* allows this court to decline or decide to postpone exercise of its jurisdiction in light of parallel state proceedings if: (1) a parallel state criminal, civil or administrative proceeding is pending at the time that federal litigation is commenced; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *See Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (citation omitted); *Neustein v. Orbach*, 732 F. Supp. 333, 341 (E.D.N.Y. 1990).

### i. *Parallel State Proceeding*

First, I must determine "whether the state and federal proceedings are parallel. Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994) (citations and quotation marks omitted). The court should "examine the state proceedings as they actually exist to determine whether they are parallel to the federal proceedings." *Id.*

Plaintiff admits that when he filed his federal complaint he had two pending cases before the state court regarding invalidation of his disciplinary conviction. (*See* Compl. at 7, Pl.'s Resp. at 4.) Although these documents were not attached to his complaint, I may take judicial notice of the state complaints as public record. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir.1979) ("[A] court may . . . take judicial notice, whether requested or not . . . of its own records and files, and facts which are part of its public records."); *Pace v. Swerdlow*, Civ. No. 06-4157, ---- F.3d ----, 2008 WL 570805, at * 5 (10th Cir. Mar. 4, 2008) (finding that on motion to dismiss for failure to state a claim, district court could consider exhibits attached to the complaint, all of the materials referenced in the complaint, and could take judicial notice of materials in state court's file without converting motion into one for summary judgment); *Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) (stating that in resolving a motion to dismiss, the district court is entitled to take judicial notice of matters in the public record.); *see also Meredith v. Oregon*, 321 F.3d 807, 817 (9th Cir. 2003) (taking judicial notice of plaintiff's filing in the state court of appeals).

In both his state and federal complaints Plaintiff alleges that Defendants did not follow the internal procedures during the investigation of his charges and the disciplinary and administrative hearings and that Defendants' conclusions were not supported by evidence. (*See* Pl.'s State Compl. at 4; Pl.'s Compl. at 9–10.) Therefore, because Mr. Pollard's claims in state and federal court involve the same parties and aim to litigate substantially the same issues (*i.e.*, invalidation of Plaintiff's disciplinary conviction) in different forums, I agree with the magistrate judge that his state and federal proceedings are parallel.

### ii. *Adequate Forum to Hear the Claims Raised in the Federal Complaint*

Plaintiff filed a complaint in state court alleging that Defendants exceeded their jurisdiction and abused their discretion during the disciplinary hearing and administrative proceedings pursuant to C.R.C.P. 106 (4). Rule 106 (4) allows such a claim "[w]here any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law." (*See* Defs.' Mot. to Dismiss, Ex. A at 5 ["Pl.'s State Compl."]). Therefore, I agree with the magistrate judge that the state court provides an adequate forum for resolution of Plaintiff's due process claim since both the state and the federal complaint aim at invalidating the disciplinary conviction.[3]

---

[3] *But see* my analysis of the additional factors that need to be considered in determining whether dismissal is appropriate. *See analysis* § 2a iv(a), *infra*.

### *iii.  Important State Interest*

I am "acutely aware of the delicate role of the federal courts in matters involving the administration, control, and maintenance by the states of their penal systems — an area historically within the domain and control of those sovereign entities." *See Battle v. Anderson*, 564 F.2d 388, 391-92 (10th Cir. 1977); *Bethea v. Crouse*, 417 F.2d 504, 505-06 (10th Cir. 1969); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973).  Therefore, I agree with the magistrate judge's conclusion that Plaintiff's allegations involve the conduct of state actors and administrative proceedings and thus the state has an important interest in resolving the cases.

### *iv.  Additional factors*

In addition to the *Younger* factors, when considering whether to exercise abstention, the court should consider wise judicial administration with regard to conservation of judicial resources and comprehensive disposition of litigation.  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246 (1976).  Accordingly, even though I agree with the magistrate judge that abstention is warranted, I disagree that dismissal (rather than stay of the proceeding) is the appropriate approach in this case.

First, in this case it is not clear whether the state court is considering the conditions of Mr. Pollard's confinement.  (*See* Pl.'s State Compl.)  Second, should Mr. Pollard succeed in invalidating his disciplinary conviction, his claim for punitive damages is not before the state court.  (*See id.*)  In the event the state court proceedings do not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action.  *Fox*, 16 F.3d at 1082, 1083.  Third, "a federal

constitutional issue might be mooted or presented in a different posture by a state court determination of pertinent state law[.]" *Colorado River Water*, 424 U.S. at 814–16, 96 S. Ct. at 1244-45 (quotation and citations omitted). As explained above, Plaintiff's claims regarding monetary damages and the conditions of his confinement fall in to these categories.

### *(a)  Plaintiff's Claim for Monetary Damages*

In his objection to the magistrate judge's recommendation, Plaintiff contends that dismissal is erroneous because his claim for monetary damages is not before the state court. (*See* Pl.'s Objection at 6–7.) A court has no discretion to dismiss rather than to stay an action if the plaintiff has set forth claims for monetary damages that cannot be redressed in state court. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) (stating that federal district court was required to abstain from deciding claims for monetary relief that could not be redressed in related state court proceeding); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (the district court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding). Mr. Pollard is seeking punitive damages in his federal complaint, (*See* Compl. at 8), but his claim for punitive damages is not before the state court. (*See* Pl.'s State Compl. at 5). Therefore, by analogy to *Deakins* and *Myers,* this case should be stayed because were Mr. Pollard to succeed in invalidating his disciplinary conviction in the state proceeding, his claim for punitive damages cannot be redressed.

In addition, Plaintiff contends, (Pl.'s Objection at 7), and I agree, that dismissal is not appropriate where the statute of limitations would run on federal claims pending resolution of the state actions. *See Allen v. Board of Educ.*, 68 F.3d 401, 403 (10th Cir. 1995) (citing *Bettencourt*

*v. Board of Registration In Medicine*, 904 F.2d 772, 781 [1st Cir. 1990] [expressing preference for staying federal action, in part because statute of limitations might otherwise run on federal claims pending resolution of state action]).

### *(b)  Plaintiff's Claim Regarding the Condition of his Confinement*

In his objection to the magistrate judge's recommendation, Plaintiff argues that his federal claims should not be dismissed because "Defendants deprived him of established liberty and property interest, and facilitated health issues that have permanently impacted Plaintiff's quality of life." (*See* Pl.'s Objection at 4.)  In addition, Plaintiff argues that "all incidents challenging conditions of confinement must be reviewed independently, and compared to the complaining inmates [sic] 'ordinary incidents of prison life' at the facility." (*See id.* at 5.)  Because Plaintiff has not asserted this claim in his state complaint, I need to determine whether this is a claim that needs to be preserved.

In general, "administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983).  Such confinement thus does not typically implicate a protected liberty interest. In *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995), however, the Supreme Court held that administrative segregation may implicate a liberty interest protected by the due process clause if it "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or if it inevitably increases the duration of the sentence imposed.  *Id*. 515 U.S. at 477, 487, 115 S. Ct. at 2297; *see also Wilson v. Jones*, 430 F.3d 1113, 1120–21 (10th Cir. 2005).

The Tenth Circuit requires that district courts examine the conditions of confinement before they conclude whether such conditions impose an atypical and significant hardship on the inmate. *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (citing *Gaines v. Stenseng*, 292 F.3d 1222, 1225–26 [10th Cir. 2002] [reviewing dismissal of § 1983 claim and ruling that, without "carefully examin[ing] the conditions of the prisoner's confinement," it was error to find 75-day disciplinary segregation not atypical]). Based on these binding authorities and considering Plaintiff's assertions in his federal complaint regarding the conditions of his confinement,[4] the magistrate judge could not, in absence of an examination of the facts of this case, have concluded that Mr. Pollard's segregation did not trigger any liberty interest.

Moreover, the single disciplinary proceeding in this case gave rise to a mixed sanction (*i.e.*, segregation) that affects both the conditions of Mr. Pollard's confinement and its terms. (*See* Compl. at 4–5.) Mr. Pollard has not introduced any evidence that his disciplinary conviction has been invalidated.[5] Therefore, the magistrate judge concluded that his claim should be

---

[4] Plaintiff alleges that his civil rights were violated by placing him, "an inmate with disabilities who is suffering from irregularities with diabetes, hemochromtosis, depression, edema, and aggravation of a rotator cuff injury," in continued administrative segregation for an indefinite period. (*See* Compl. at 4–5 [also alleging that "he has been housed in segregation for nearly two years"]; Pl.'s Resp. at 6 [addressing the issue whether "disciplinary/administrative segregation itself, automatically implicates a constitutional liberty interest"].) Defendants did not address the above allegations in their motion to dismiss or their reply brief. (*See* Defs.' Mot. to Dismiss; Defs.' Reply.)

[5] Prisoners may not bring a § 1983 action to vitiate collaterally a judicial or administrative decision that affected the overall length of their confinement unless they can show that the conviction or confinement has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

dismissed. (*See* Mag. Rec. at 6–7.) This conclusion poses a more pressing question which is now before me, namely, whether and under what circumstances a prisoner may employ section 1983 in a mixed sanctions case to challenge the conditions rather than the terms of his confinement.

Neither the Supreme Court of the United States nor the Tenth Circuit has answered this question yet. However, the Second circuit in *Peralta v. Vasquez*, 467 F.3d 98, 104 (2nd Cir. 2006) has addressed the issue.

> Both Supreme Court and circuit precedents clearly hold that a prisoner subject to a disciplinary proceeding that gives rise to sanctions that affect only the conditions of his confinement, and not the duration of his imprisonment, may maintain an action under § 1983 challenging those sanctions (or the procedures by which they were imposed) without satisfying *Heck*'s favorable termination requirement. Why then preclude a § 1983 action undertaken by a prisoner who was subject to a single disciplinary proceeding that gave rise to mixed sanctions but who seeks to challenge only those sanctions that affect the conditions of his confinement? The most-perhaps the only-plausible reason is that, if the prisoner prevails in his § 1983, conditions of confinement, action, he may, in a subsequent federal habeas petition or action brought in a state court challenging the duration of his confinement, seek to stop the state, collaterally, from defending the sanctions affecting length of imprisonment. Were that to happen, the validity of the duration of confinement would, in clear violation of *Heck*, have been decided in a § 1983 action.

*Peralta*, 467 F.3d at 104 (internal citations omitted). However, the *Peralta* court does not stop here but moves to solve this problem by suggesting that:

> [i]f such a prisoner, however, as a prerequisite for maintaining his § 1983 action, both agrees to and can successfully abandon once and for all the duration claim, then his success in the § 1983 action would have no effect on the sanctions that relate to the length of time he served in prison, and the concern animating the *Heck* favorable termination rule would simply not be implicated.

*Id.*[6]

The magistrate judge considered the *Peralta* court's approach but rejected it without analysis. I disagree and find the Second Circuit's reasoning persuasive. Therefore, considering the state court's pending decision concerning the validity of Plaintiff's disciplinary conviction and considering the possibility that Plaintiff would be willing to abandon his duration claim, (*see* Pl.'s Resp. at 4), staying this proceeding is more appropriate because it will allow Plaintiff to pursue his claim related to the conditions of confinement (assuming he meets the requirements).

Furthermore, the Tenth Circuit has expressed a general preference in abstention cases for issuing of a stay rather than dismissal. *See Allen,* 68 F.3d at 403. In light of the forgoing, I decline to exercise jurisdiction because of the pendency of parallel state proceedings and stay the case because of the possible collateral consequences of characterizing the action as a dismissal.

*3.  Conclusion*

Based on the foregoing, it is therefore ORDERED that Plaintiff's objection to the magistrate judge's recommendation (# 17) is SUSTAINED in part and OVERRULED in part:

1. Plaintiff's objection is SUSTAINED to the extent that the magistrate judge recommended dismissal with prejudice; but

---

[6] In its conclusion the Second Circuit stated that "[o]n remand, the district court is to ascertain whether Peralta has formally agreed, or is then willing, to waive all his potential claims with respect to the sanctions affecting the duration of his imprisonment arising out of the proceedings he is currently challenging. If such a waiver results, the district court must allow Peralta to proceed separately with his challenge under § 1983 to the sanctions affecting the conditions of his confinement." *Peralta*, 467 F.3d at 106.

2. Plaintiff's objection is OVERRULED to the extent that magistrate judge recommended abstention.

3. The clerk shall forthwith enter an order staying this case pending the state court's ruling. The parties shall, commencing May 1, 2008 and continuing every thirty days thereafter, file status reports concerning the state court proceedings.

Dated this 21st day of April, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge